[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO DISMISS
On September 5, 1996, the defendant, Mambye Mbaye, was arrested by speedy information and charged with operating a motor vehicle when he was under the influence of alcohol or drugs or both, in violation of § 14-227a of the General Statutes; failure to take the sobriety test, in violation of General Statutes § 14-227b; and failure to drive in the proper lane, in violation of General Statutes § 14-236.[1] This matter was set down for trial during the spring of 1998. Pursuant to Practice Book § 41-8, the defendant has now moved to dismiss the motor vehicle charge pending against him. Specifically, the defendant claims that the completed selection of a jury to hear his cause in 1998, and the dismissal of that jury without formal issuance of a continuance or order for mistrial, improperly subjected him to jeopardy provisions contemplated by theFifth Amendment to the United States Constitution.[2] He claims that because roll call of the jury was taken on the day evidence was scheduled to commence, the state's right to "retry" the defendant has been extinguished. The state counters that the defendant has not been subjected to double jeopardy through the rescheduling of his case for trial, nor through the dismissal of the first jury selected to hear the evidence presented against him. Rather, the state claims that the charges brought against the defendant have not been considered by any trier of fact, so that it is constitutionally appropriate to proceed to trial at this time.
The defendant has incorporated his claims of law in the text of his motion to dismiss. The state has submitted a memorandum of law for the court's consideration. The parties have waived oral argument on the issues presented through this motion to dismiss.
 I. FACTUAL BASIS
The court file and transcripts establish the following facts and circumstances affecting the status of this case:
In April of 1998, the defendant and his original counsel CT Page 12498 participated in the selection of a jury of six and two alternates, to whom the evidence in these matters was intended to be presented. Before the jury was sworn, however, it became apparent that defense counsel would not be able to proceed with presentation of evidence to the jury which had been selected.[3]
On April 15, 1998, the selected jurors and alternates were brought before the trial court, D'Addabo, J. Counsel for the state was in attendance; the defendant and his counsel had been excused from these proceedings. After the roll was taken by the clerk, the court presented the following remarks: "Ladies and gentlemen, we, as you know, were prepared to commence the trial of State of Connecticut v. Mambaye Mbaye scheduled for today. There are circumstances that have occurred which will not allow the case to proceed at this time. Because of those circumstances and not allowing the case to proceed at this time, I'm going to dismiss you from this case." The transcripts of these proceedings reflect no further judicial activity involving this case on April 15, 1998.[4] The court records reflect no objection from counsel to the dismissal of the selected jurors.
Thereafter, on subsequent dates, the matter was continued to allow the defendant to obtain the services of replacement counsel, and for trial preparation. New counsel appeared on October 1, 1998: he has submitted the pending motion to dismiss on the defendant's behalf.
 II. CONSTITUTIONAL BASIS FOR PENDING PROSECUTION
It is axiomatic that the constitutional guarantees of the double jeopardy clause prohibit multiple trials of charges brought against a defendant. State v. James, 247 Conn. 662, 670, ___ A.2d ___ (1999); State v. Buell, 221 Conn. 407, 413,605 A.2d 539 (1992). "`The fifth amendment to the United States constitution provides, in relevant part, "nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb." "This clause, which is applicable to the states through the fourteenth amendment; Benton v. Maryland, 395 U.S. 784, 787,89 S.Ct. 2056, 23 L.Ed.2d 707 (1969); establishes the constitutional standards concerning the guarantee against double jeopardy. . . ."' State v. Van Sant, 198 Conn. 369, 376,503 A.2d 557 (1986)." State v. Buell, supra, 221 Conn. 413.
The issue for the court's consideration is whether, under the CT Page 12499 factual circumstances as presented by this case, jeopardy had attached to the defendant at the time the selection of the jury panel was completed in 1998, or at the time the court dismissed that jury from further consideration of the state's pending claims. The defendant has suggested that the jury selected in 1998 has been sworn in anticipation of receiving evidence, prior to its dismissal. The facts do not support this conclusion. Rather, the facts establish that although the selection of the jury had been completed, and although the jury was assembled and brought before the court on April 15, 1998, the members of that panel were never sworn into service on this case.
Our court has acknowledged that "[j]eopardy attaches once the jury has been selected and sworn. . . . See Illinois v.Somerville, 410 U.S. 458, 567, 93 S.Ct. 1066, 35 L.Ed.2d 425
(1993). The constitutional protection afforded by the double jeopardy clause includes the defendant's "`valued right to have his trial completed by a particular tribunal.'" . . . This right is not absolute, however, and may in some cases be subordinated to `the public interest in affording the prosecutor one full and fair opportunity to present his evidence to an impartial jury.'" (Emphasis added; other citations omitted.) State v. Buell, supra,221 Conn. 413. See also State v. Deslaurier, 32 Conn. App. 553,557, 630 A.2d 119 (1993). In this matter, the court finds that jeopardy had not attached to the defendant at the time Judge D'Addabo assembled and dismissed the jury panel that had been selected in 1998. That panel not having been sworn, the constitutional protections recognized in State v. Buell cannot serve as a barrier to frill and fair prosecution of the defendant, pursuant to the pending charges. Additionally, due to the sudden, severe incapacity of defendant's counsel, the court could not force the defendant to proceed to trial at that time. The court identified circumstances which constituted "manifest necessity" for administrative action which would preserve both the state's rights to prosecute the defendant, and the accused's right to present his defenses before a jury. State v. Buell, supra, 221 Conn. 414-15. Such administrative action also preserved the jury's right to be free of the unreasonable burden of a continuance of the trial for an unspecified length of time, until the defendant's counsel could recover and again serve as his legal representative, or until the defendant could secure the services of new counsel.
Connecticut law supports the finding that the court's sua sponte dismissal of the jury on April 15, 1998, effectively CT Page 12500 constitutes a mistrial of the matter. State v. Aponte,50 Conn. App. 114, 130 (1998) ("A motion for a mistrial is treated as a motion to dismiss the jury."); State v. Deslaurier, supra,32 Conn. App. 559.[5] The circumstances at that time presented the clear potential for "substantial and irreparable prejudice to the defendant's case" had he been forced to defend himself while his lawyer was unavailable to assist him at trial. Id. Here, the defendant has failed to show that the court's dismissal of the jury on April 15, 1999 deprived him of the opportunity for a fair trial. Id. Accordingly, the principles of double jeopardy cannot serve to prevent prosecution of the pending charges at this stage of the proceedings. See State v. James, supra, 247 Conn. 674.
The defendant rests his argument upon the application ofIllinois v. Somerville, supra., to the facts of this case. Indeed, the Connecticut Supreme Court has specifically affirmed the principles of Illinois v. Somerville, extending to criminal defendants in this state the hallowed protections offered through the fifth amendment to the United States constitution by way of the fourteenth amendment, and sustaining the constitutional guarantee against double jeopardy. State v. Van Sant, supra,198 Conn. 376; State v. Buell, supra, 221 Conn. 413. The defendant fails to recognize, however, that his proposed application ofIllinois v. Somerville is inapposite to the factual circumstances of a matter such as this, where the jury had not been sworn prior to the court's dismissal of the assembled panel for reasons which amount to "manifest necessity."
As noted above, the transcript of proceedings before Judge D'Addabo on April 15, 1998, establish that although a jury panel had been selected to hear the evidence presented against the defendant, that panel has not been sworn, and so retained the status of petit jurors at the time subjected to dismissal by the court. The defendant raised no objection to the court's act in dismissing this panel. See State v. DesLaurier, supra,32 Conn. App. 555. The court's dismissal of the jury is tantamount to the declaration of a mistrial under the circumstances of this case, where counsel for the defendant suddenly proved to be unavailable to assist his client at the evidentiary portion of the trial.
No prejudice to the defendant having been shown under the circumstances of this case the defendant is not protected by the principles of double jeopardy. Accordingly, the defendant's motion to dismiss is hereby DENIED. CT Page 12501
BY THE COURT,
N. Rubinow, J.